UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TRISTAN SQUERI, MADELINE McCLAIN, and GEORGE O'DEA, individually, and on behalf of all others similarly situated, | * * * * * | |
| Plaintiffs | * * | |
| | * * | |
| v. | * * | |
| | * | C.A. No.  1:18-cv-12438 |
| MOUNT IDA COLLEGE, THE MOUNT IDA COLLEGE BOARD OF TRUSTEES, BARRY BROWN, individually and as a representative of Mount Ida College, CARMIN C. REISS, individually and as a representative of the Mount Ida College Board of Trustees, JASON POTTS, individually and as a representative of Mount Ida College, JEFF CUTTING individually and as a representative of Mount Ida College, and RON AKIE, Individually and as a representative of Mount Ida College, | * * * * * * * * * * * * * | |
| Defendants | * | |

**PLAINTIFFS' SUR-REPLY TO DEFENDANT BARRY BROWN'S REPLY IN SUPPORT OF MOTION TO DISMISS**

The named Plaintiffs and the putative class they represent ("Students") submit this Sur-Reply in opposition to Defendant Barry Brown's ("Defendant") Reply in Support of his Motion to Dismiss ("Reply"). For simplicity in argument and to avoid unnecessary expenditure of time and resource by the Court, Students adopt and incorporate into this Opposition the facts and arguments set forth in Students Sur-Reply to Defendants Mount Ida College's, The Mount Ida Board of Trustees', Carmin C. Reiss', Jeff Cutting's and Ron Akie's Reply In Support of Motion

to Dismiss. In Defendant's initial papers seeking dismissal, Defendant adopted the arguments set forth in his co-defendants' motion to dismiss and primarily argued that none of the Defendants owed any duties to Students. Now, Defendant again adopts the arguments set forth in his co-defendants' reply in support of motion to dismiss. Although much of Defendant's Reply Brief simply rehashes his prior arguments, which Students have already addressed in their Opposition, Defendant has raised a few, new issues in his Reply Brief that necessitate this Sur-Reply. Because Students stated an ample factual predicate for their claims against Defendant, Defendant's motion to dismiss should be denied.

## I. ARGUMENT

### a. Students' Claim for Breach of Contract is Proper.

Defendant's assertion that Students have withdrawn allegations that Defendant breached an express contract is contradicted by the arguments Students advanced in their Opposition. Specifically, the Students have alleged that, in consideration for paying tuition, Mount Ida was to provide Students with an education in their chosen field and viable credits, resulting, at a minimum, in an implied contract being formed. As required by Massachusetts law, Students have alleged the existence of a valid, binding contract, that Defendant breached the contract, and that Students sustained damages resulting from said breach. (*See* Students' First Amended Complaint ("FAC") ¶¶ 104-109.) *See Brooks v. AIG Sunamerica Life Assur. Co.*, 480 F.3d 579, 586 (2007). More specifically, the Students have alleged that, at a minimum, there was an implied contract between MIC and the Students in which Students were to pay MIC for services – an education (including credits that can be used towards receiving a degree in the students' chosen field of study). The Students performed their obligations, yet the Defendant did not, which breach resulted in significant harm to the Students. (*See* FAC ¶¶104-109.)

Further, it is well established that "[e]very contract implies good faith and fair dealing between the parties to it." *Anthony's Pier Four, Inc. v. HBC Assoc.*, 411 Mass. 451, 471, 583 N.E.2d 806 (1991), quoting *Warner Ins. Co. v. Commissioner of Ins.*, 406 Mass. 354, 362 n.9, 548 N.E.2d 188 (1990). Also, the covenant of good faith and fair dealing prohibits either party from doing anything that has the effect of destroying or injuring the right of the other party to the fruits of the contract. *See Anthony's Pier Four, Inc. v. HBC Assoc.*, 411 Mass. 451, 471-472 (1991). Students have sufficiently pled allegations of bad faith in relation to the Defendant's failure to perform his contractual obligations, resulting in the Defendant's breach by violating the implied covenant of good faith and fair dealing. (*See* FAC ¶¶ 96-102, 111-117.)

The corporate veil should be pierced to confer liability on the Defendant for the breach of contract, as well as the other claims against Defendant, based on the proposition that corporate officers are liable for participating in unfair and deceptive practices if they personally committed the acts. *See Bolen v. Paragon Plastics, Inc.*, 754 F. Supp. 221, 228 (D.Mass. 1990) (citing *Nader v. Citron*, 372 Mass. 96, 102 (1977)). Students have alleged numerous facts where Defendant personally participated in unfair and deceptive acts - which could also constitute malice. (*See* FAC ¶¶ 21-23, 26-30, 32-38.)

Defendant's reliance on *Guckenberger v. Boston Univ.*, 957 F. Supp. 306 (D.Mass. 1997) is misguided in the sense that this Court dismissed a breach of contract claim against individuals at Boston University where the complaint only alleged that "defendant BU" made representations on which plaintiffs relied. *Id*. There are at least two issues with Defendant's application of *Guckenberger* to this current case. First, as Defendant points out, *Guckenberger* only implies that lack of malice defeated the subject contract claim. *Id.* at 324. In fact, the court emphasized the fact that the complaint did not allege misconduct by the individual defendants.

3

*Id.* Students have alleged numerous facts where the Defendant participated in wrongful, misleading conduct – which are tantamount to malice. (See FAC ¶¶ 32-36.) Second, the case which *Gukenberger* cites for a standard of malice, *Union Mut. Life. Ins. Co. v. Chrysler Corp.,* 793 F.2d 1, (1st Cir. 1986), was decided at summary judgment. This is significant because "[t]he actual malice standard for proving improper motive or means on the part of a corporate officer is a burden placed on the plaintiff." *Id.* at 261. As such, malice is a fact to be determined and proven at trial, not at the motion to dismiss stage.

Consequently, the Students have sufficiently pled allegations that the Defendant breached a contract with the Students, and the Motion to Dismiss should be denied.

### b.  Defendant Breached Fiduciary Duties Owed to Students.

Defendant once again misconstrues or misunderstands the Students' allegations regarding the Defendant's breach of fiduciary duties owed to the Students. A fiduciary relationship can be formed under specific facts and circumstances, such as placing trust and confidence in another for a particular purpose. *See Doe v. Harbor Schs., Inc.*, 63 Mass. App. Ct. 337 (2005) (stating "[s]ome relationships are, as matter of law, fiduciary in nature… in other circumstances, however, the question whether a fiduciary relationship exists is one in fact").

As alleged in the FAC and briefed in the Opposition, the Students placed significant trust and confidence in both MIC, as well as Defendant, for several purposes, including to safeguard sensitive financial and educational information and to receive a college education (including credits to be used towards specific degrees). (*See* FAC ¶¶ 96-102.) Accepting these allegations as true, which is appropriate at this stage of the litigation, it is apparent that Students placed sufficient trust and confidence in Defendant such that Defendant owed a fiduciary duty to

Students. Whether the Defendant entered into a fiduciary relationship with the Students is a question of fact for the jury to decide.

### c. Defendant Violated M.G.L. c. 93A.

The Defendant does not address any new arguments pertaining to the Defendant's liability under M.G.L. c. 93A, but merely restates his arguments, which, the Students have addressed in previous pleadings.

### d. Students Have Met the Pleading Standard as to Fraud Claims against the Defendant.

Among the many duties breached by Defendant is a duty to reveal all material facts known by the Defendant to avoid deceiving the Students. *See V.S.H. Realty, Inc. v. Texaco, Inc.*, 757 F.2d 411 (1st Cir. 1985) ("a party who discloses partial information that may be misleading has a duty to reveal all the material facts he knows to avoid deceiving the other party"). Defendant's bare assertion that the audited financial statements fulfill this duty to disclose is wildly misplaced. These reports were not statements made to students. Further, it is incredulous that Defendant argues that college students should have done independent research to find these financial statements, interpret them, and make decisions based on them. As such, the simple existence of a report does not fulfill Defendant's duty to the Students nor defeat Students' claims. Students plead that Defendant had the opportunity to tell them that Mount Ida was on the brink of bankruptcy but that he withheld that information. (FAC at ¶5.) Students also allege that Defendant's report to the New England Association of Schools and Colleges on Institutions of Higher Education contained statements that were, at the least, misleading, without providing the Students with all material information. (FAC ¶¶ 26, 65, 69, 71, 77, 80, 81, 86, 88, 89, 116, 117.) Defendant made statements indicating Mount Ida was in full compliance with debt obligations

and financially stable, and that he was confident that Mount Ida would raise sufficient funds to meet its liquidity needs. (FAC ¶ 26.) "A statement . . . in some circumstances may reasonably be interpreted by the recipient to imply that the maker of the statement knows facts that justify the opinion." *Briggs v. Carol Cars, Inc.,* 407 Mass 391, 396 (1990). "This is particularly true where the maker is understood to have special knowledge of facts unknown to the recipient." *McEaney v. Chestnut Hill Realty Corp.*, 38 Mass. App. Ct. 573, 575 (1995).

As it is expected that Defendant would have special knowledge regarding Mount Ida's financial position, and Defendant gave no reasons for the Students to question statements to them, Students were not required to do their own research into the validity of those statements. *See Kelly v. Brigham & Women's Hosp.*, 51 Mass. App. Ct. 297, 312 (2001) (explaining that where a defendant holds himself out as one qualified to offer expert opinion on matters where the plaintiff has little or no special knowledge, a plaintiff may rely on that information.) Defendant knew he held knowledge that the Students did not, and deliberately withheld this information, while at the same time making affirmative statements about the viability of Mount Ida.

Accordingly, the fraud-based claims against the Defendant should stand.

### e.  Defendant Violated M.G.L. c. 214, § 1B.

As briefed in the Opposition, Students have asserted facts demonstrating that a violation of M.G.L. c. 214, § 1B occurred when Mount Ida, as well as individual Defendants responsible for safeguarding the Students' sensitive academic and financial information, such as Defendant Barry Brown, disseminated said information without the Students' prior consent. Upon information and belief, the negotiations leading up to the unauthorized and illegal dissemination of the Students' private information would have included the Defendant, who likely would have

had to authorize the dissemination, therefore, personally participating in the violation of the Students' privacy.

Although Students have not asserted claims under the Family Educational Rights and Privacy Act ("FERPA"), they reference the privacy protections of FERPA because the existence of FERPA demonstrates that the information that was the subject matter of Defendant's unauthorized and unreasonable disclosures has been deemed to be sufficiently sensitive to be worthy of federal protection. In other words, in enacting FERPA, Congress was creating, on a national level, an expectation that such academic and financial information be kept strictly confidential. Although Congress did not authorize a private right of action under FERPA, the Commonwealth has provided a mechanism for seeking redress for the types of privacy violations committed by Defendant. As such, Defendant's motion to dismiss should be denied.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court deny the Defendant's Motion to Dismiss.

/s/ Andra J. Hutchins
Andra J. Hutchins, Esq. (BBO #630066)
ahutchins@kcl-law.com
Michael Tauer, Esq. (BBO #568398)
mtauer@kcl-law.com
KERSTEIN, COREN & LICHTENSTEIN, LLP
60 Walnut Street, 4th Floor
Wellesley, Massachusetts 02481
Phone: (781) 997-1600

Joshua N. Garick, Esq. (BBO #674603)
joshua@garicklaw.com
LAW OFFICES OF JOSHUA N. GARICK, P.C.
34 Salem Street Suite 202
Reading, Massachusetts 01867
Phone: (617) 600-7520

*Counsel for Plaintiffs and the Class*

CERTIFICATION PURSUANT TO RULE 7.1(a)(2)

      I certify counsel for Plaintiff conferred with counsel for Defendant about Plaintiffs' motion for leave to file this sur-reply on January 30, 2019.

## **CERTIFICATE OF SERVICE**

      I certify that the foregoing document was filed through the ECF system on this 4th day of April, 2019, and will be sent electronically to all the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.


/s/ Andra J. Hutchins
Andra J. Hutchins

Dated: April 4, 2019